IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS MARTEZ LEWIS, #181862, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV. A. NO. 22-00177-TFM-MU ) |
| REOSHA BUTLER, Warden | ) ) ) |
| Respondent. | ) ) |

## **REPORT AND RECOMMENDATION**

Marcus Martez Lewis (Lewis), a state prisoner currently in Respondent's custody, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Lewis attacks his 1995 murder conviction in the Circuit Court of Jefferson County, Alabama.

The District Judge assigned to Lewis's case referred Lewis's petition to the undersigned Magistrate Judge for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). Having carefully reviewed the record, Lewis's petition, Respondent's answer, and all other documents and exhibits filed in this matter, the undersigned finds there are sufficient facts and information upon which the issues in this case may be resolved without an evidentiary hearing. Lewis's claims are untimely, unexhausted, procedurally defaulted, insufficiently pleaded, and barred by Lewis's undisputed guilty plea, and the undersigned recommends Lewis's petition be dismissed with prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1992, when Lewis was only seventeen years old, he shot and killed another man while trying to steal the man's coat. (Doc. 7-3; Doc. 7-4). Lewis later pleaded guilty to murder, and the state circuit court judge sentenced him to life in prison. (Doc. 7-5). Lewis did not file a direct appeal with the Alabama Court of Criminal Appeals (ACCA) or a petition for discretionary review with the Alabama Supreme Court (ASC). (Doc. 1 at 3).

After he was convicted and sentenced, Lewis asked the Alabama courts to amend his sentence for a few reasons, including his self-proclaimed maturity, remorse, and rehabilitation, but he did not substantively challenge his guilty plea, his murder conviction, or his life sentence. (Doc. 7-6; Doc. 7-8). Lewis's efforts to reduce his sentence were unsuccessful. (Doc. 7-7; Doc. 7-9). Lewis denies ever seeking postconviction relief in the Alabama courts under Rule 20 or Rule 32 of the Alabama Rules of Criminal Procedure or through petitions for writs of error coram nobis or habeas corpus. (Doc. 1 at 3).

In 2022—nearly thirty years after he pleaded guilty—Lewis first challenged the constitutionality of his murder conviction. In March 2022, Lewis filed a scattershot petition directed at the district attorney, the sheriff, the state district court judge, and the circuit court judge of Jefferson County, Alabama, as well as the ACCA and the Alabama Attorney General, raising constitutional issues related to his pretrial arrest and detention. Lewis's petition was docketed both with the Circuit Court of Jefferson County, Alabama (Doc. 7-1; Doc. 7-11) and with the ACCA (Doc. 1 at 16). The state circuit court docket does not reflect any disposition of Lewis's petition. (Doc. 7-1). However, the ACCA dismissed Lewis's petition on June 29, 2022, for failing to comply with applicable procedural rules. (Doc. 7-13).

Like he did in the Alabama courts, Lewis asks this Court to review the constitutionality of his pretrial arrest and detention. Specifically, Lewis raises the following four claims for relief: (1) his arrest was unlawful because law enforcement did not notify him of his rights required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); (2) his arrest warrant was invalid because the underlying criminal complaint was unaccompanied by an affidavit or sworn witness statement;[1] (3) his due process rights were violated when some unspecified documents were withheld from him during his detention; and (4) his arrest and detention generally violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights. (Doc. 1 at 6-8). As explained below, these claims fail because they are untimely, unexhausted, and procedurally defaulted. They also are insufficiently pleaded and barred by Lewis's own uncontested guilty plea.

## II. ANALYSIS

### A. Lewis's § 2254 petition is untimely.

Lewis's § 2254 petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of § 2254 petitions. 28 U.S.C. § 2244(d)(1). That limitations period begins to run from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially

---

[1] On its face, this claim is unsupported by the record. Lewis was arrested pursuant to an indictment by a grand jury, not a criminal complaint. (Doc. 7-3).

>   recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Lewis does not allege facts implicating subsections (B), (C), or (D) in his case. Subsection (A) determines the limitations period in Lewis's case.

Under subsection (A), the statute of limitations started to run on Lewis's federal habeas claims when the judgment in his murder case became "final" either by the conclusion of direct review or expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Recall that Lewis did not file a direct appeal with the ACCA, so his judgment became final on May 30, 1995, when his time to file a direct appeal expired. *See* Ala. R. App. Proc. 4(b)(1) (notices of appeal in criminal cases must be filed within 42 days after pronouncement of the sentence); (Doc. 7-5 at 1) (noting sentence was pronounced on April 18, 1995); *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018) ("[I]f a petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires.").[2] Because Lewis's judgment became final before AEDPA was enacted in 1996, Lewis had until April 23, 1997, to file any federal habeas claims. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998); *see also Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (acknowledging that federal courts of appeal have uniformly given prisoners whose convictions became final before AEDPA

---

[2] Respondent says that Lewis was sentenced on April 18, 1999, but that appears to be an error. (Doc. 7 at 9). The case action summary Respondent submitted confirms that Lewis was adjudicated in 1995. (Doc. 7-1 at 1) (indicating "CASE DISPOSED ON 04/18/95 BY: GUILTY").

a 1-year grace period to file their federal habeas claims). Unfortunately for Lewis, he filed his habeas petition until almost twenty years after even this extended deadline and it is clearly time barred.

Because Lewis's habeas petition is untimely on its face, it must be dismissed unless some theory of tolling or avoidance applies. There are three potential ways Lewis's untimely petition might be saved:

(1) **Statutory Tolling** – Under 28 U.S.C. § 2244(d)(2), the one-year limitations period can be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

(2) **Equitable Tolling** – The limitations period may be equitably tolled if a petitioner shows he has been diligently pursuing his rights but that some extraordinary circumstance stood in his way. *Holland v. State of Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

(3) **Miscarriage of Justice/Actual Innocence** – The limitations period may be avoided if a petitioner proffers new evidence of his actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).

Lewis is not eligible for any of these forms of relief.

First, Lewis is ineligible for statutory tolling. Section 2244(d)(2) only tolls the statute of limitations while "a properly filed application for State post-conviction or other collateral review … is pending." Lewis denies filing any such applications. (Doc. 1 at 3). Even without this admission though, the undersigned sees only one of Lewis's postconviction filings in the Alabama courts that *might* qualify for tolling under § 2244(d)(2): the recent petition Lewis filed in the state circuit court and the ACCA challenging the constitutionality of his pretrial arrest and detention. (Doc. 1 at 16-22; Doc. 7-11). However, because that petition was filed well after the AEDPA statute of limitations had already expired in 1997,

5

it cannot toll the statute of limitations in Lewis's federal habeas case. *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (noting that a Rule 32 petition cannot toll the AEDPA limitations period if the one-year period expired prior to filing the Rule 32 petition). Statutory tolling does not save Lewis's untimely petition.

Second, Lewis does not qualify for equitable tolling because he fails to allege that "he has been pursuing his rights diligently" or that "some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649. Actually, Lewis does not explain the late nature of his petition at all. Instead, he claims his petition "has no statute of limitation," a proposition that is plainly wrong for the reasons already explained herein. (Doc. 1 at 11). Regardless, even putting aside Lewis's failure to address equitable tolling, nothing in the record supports applying it here. Lewis waited decades before claiming his arrest and detention were unconstitutional, even though he surely has known the facts underlying those claims all along. Lewis does not suggest, nor does the record show, a single extraordinary circumstance that stood in the way of him challenging his convictions earlier. Without any explanation for the delay in Lewis filing this habeas corpus petition, this Court cannot equitably toll the limitations period.

Finally, Lewis does not qualify for the exception to the statute of limitations based on the existence of a "miscarriage of justice" or "actual innocence". *See McQuiggin*, 569 U.S. at 394-95. To qualify for this exception, Lewis would have to put forth new and credible evidence showing "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 399. Lewis has made no showing of actual innocence that would support consideration of his untimely claims. In fact, as recently as 2021, Lewis acknowledged his guilt for the murder underlying his conviction.

(Doc. 7-10 at 1) ("Lewis has confessed his guilt and cooperated with the State['s] prosecution."). This admission of guilt precludes Lewis from qualifying for an "actual innocence" or "miscarriage of justice" exception to the AEDPA one-year limitations period.

To conclude this issue, Lewis's habeas corpus petition is untimely and does not qualify for any form of tolling or avoidance. The petition is due to be dismissed with prejudice.

### B. Lewis's claims are unexhausted and procedurally defaulted.

In addition to being untimely, Lewis's claims are unexhausted and procedurally defaulted. This provides an alternative basis for dismissing Lewis's petition.

Before a state prisoner like Lewis can bring his federal claims in federal court, he must first present those claims to the state courts—a process known as "exhaustion." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In Alabama, the established appellate review process includes an appeal to the ACCA, an application for rehearing to the ACCA, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala*., 701 F.App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40. Habeas claims may be exhausted either on direct appeal or through state postconviction proceedings. *See Reedman v. Thomas*, 305 F.App'x 544, 545 (11th Cir. 2008) (citing 28 U.S.C. § 2254(b), (c)).

7

Lewis has not exhausted his federal claims in state court through direct appeal or through postconviction proceedings. First, Lewis did not even pursue a direct appeal after he pleaded guilty to murder, and he certainly never raised the issues about the constitutionality of his pretrial arrest and detention that he raises now. (*See* Doc. 1 at 3) (acknowledging no direct appeal). And as far as postconviction proceedings go, Lewis only recently filed the disordered, broad-based petition the ACCA construed as a state habeas petition and dismissed for failure to follow procedural rules. (Doc. 1 at 16-22; Doc. 7-11; Doc. 7-13). While that petition does make claims similar to the ones in this federal habeas proceeding, Lewis never followed through on those claims in state court. He does not allege he filed an application for rehearing in the ACCA after his claims were dismissed or that he sought review from the Alabama Supreme Court. Lewis plainly has not exhausted his federal claims in state court.

Lewis's filings labeled "The Exaultion Requirements" and "The Exhaustion Requirement" do not change this outcome. (*See* Doc. 1 at 13-15). Reading these documents liberally, it seems Lewis thinks he satisfied the exhaustion requirement simply by filing those 2022 postconviction documents with the state courts and a laundry list of public officials. (*See* Doc. 1 at 16; Doc. 7-11). Lewis is incorrect. For starters, while Lewis asserts the state circuit court "declined to respond" to his claims, he never says what efforts he has made to move his case forward in that court. (Id.) And in the ACCA, Lewis failed to comply with applicable procedural rules, as evidenced by the ACCA's summary dismissal of his petition. (Doc. 7-13). These superficial efforts at exhaustion are not enough. Lewis must have carried his claims through "one complete round" of Alabama's appellate process, which includes seeking reconsideration from the ACCA and

discretionary review from the Alabama Supreme Court, which Lewis did not do. Notably, Lewis admits in his petition that his claims were not raised in state court. (*See* Doc. 1 at 7-8) (checking "no" for whether any of Grounds One through Four were raised in state court).

Not only are Lewis's claims unexhausted, but they are also procedurally defaulted because any attempt to raise them now in the Alabama courts would be futile. *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.") (citation omitted). More specifically, if Lewis tried to raise his habeas claims in state court at this point, they would be deemed untimely under Alabama Rule of Criminal Procedure 32.2(c), which requires Rule 32 petitions to be filed within one year after the time for filing a direct appeal expires. For Lewis, that was almost thirty years ago. It is also likely that Lewis's claims would be barred in state court by his own voluntary guilty plea. *See Ginn v. State*, 894 So. 2d 793, 803 (Ala. Crim. App. 2004) (quoting *Martin v. State*, 579 So.2d 69, 70 (Ala. Crim. App. 1991)) ("[B]y pleading guilty, a defendant waives all nonjurisdictional defects occurring before the plea."). Said differently, because Lewis cannot go back and exhaust his claims in state court, they are procedurally defaulted here. And, for the reasons already explained during the undersigned's statute-of-limitations analysis, Lewis does not qualify for the "cause and prejudice" or the "miscarriage of justice" exceptions to procedural default.

**C. Even if they were not untimely, unexhausted, and procedurally defaulted, Lewis's habeas claims fail they are barred by Lewis's guilty plea and are insufficiently pleaded.**

Because Lewis's claims are untimely, unexhausted, and procedurally defaulted, this Court need not consider them on their merits. *Boerckel*, 526 U.S. at 848; *Bailey*, 172 F.3d at 1299 (not addressing merits of habeas corpus claims that were procedurally defaulted). However, assuming for the sake of argument that Lewis's claims were not otherwise defective, the undersigned would still recommend the claims be denied because they are barred by Lewis's uncontested guilty plea. Additionally, Lewis's petition fails to satisfy the pleading standards applicable to § 2254 petitions.

To begin, Lewis's claims about the constitutionality of his pretrial arrest and detention are barred by his undisputed guilty plea. As the Supreme Court has explained, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Lewis's claims focus only on his pretrial arrest and detention; he never disputes pleading guilty or challenges the knowing and voluntary nature of that guilty plea. Federal habeas review of these pretrial constitutional claims is foreclosed.

Next, even if Lewis's claims were not subject to dismissal with prejudice for the reasons set forth above, the undersigned would still recommend dismissal of Lewis's petition for failure to satisfy the pleading standard applicable to § 2254 petitions. Lewis broadly challenges his pretrial arrest and detention, but he fails to offer any factual support or legal authority for his claims. This provides an alternative basis for dismissing Lewis's

petition. *See* Rule 2(c) of the Rules Governing § 2254 Cases (requiring a state prisoner to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (holding that § 2254 requires "fact pleading" and not merely "notice pleading"); *Reynolds v. Dunn*, Case No. 4:18cv235-RDP, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022) (quoting 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 11.6, at 654 (5th ed. 2005)) (noting that a petition should cite to "controlling constitutional, statutory, or other bases for relief.").

One final point: Respondent contends Lewis's claims are not cognizable federal claims because "an illegal arrest, without more, does not result in the lack of a fair trial or present a federal question." (Doc. 7 at 11-12). Unfortunately, this argument is somewhat difficult to follow. Respondent cites primarily to cases that are many years old, unreported, and/or from outside this jurisdiction. Respondent also minimizes that Lewis did not just allege his arrest was illegal; he also alleges his due process rights were violated during his detention. Without more development, the undersigned cannot rely on this argument to dismiss Lewis's petition. Nevertheless, given the other clear grounds for dismissing Lewis's petition, the Court need not reach the merits of this argument.

### III.     **CERTIFICATE OF APPEALABILITY**

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Proceedings. Where a district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would

11

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Upon due consideration, the undersigned recommends Lewis be denied a Certificate of Appealability in conjunction with the denial of his present § 2254 motion, as reasonable jurists would not debate whether his § 2254 motion should be resolved in a different manner.

### IV.    APPEAL *IN FORMA PAUPERIS*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam).

In line with this standard, the undersigned recommends the Court certify that any appeal by Lewis of the denial of the present § 2254 motion would be without merit and

therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## VI. CONCLUSION

Upon consideration, and for the reasons stated herein, the undersigned finds Lewis's claims are untimely, unexhausted, and procedurally defaulted and recommends the petition be dismissed with prejudice. Further, the undersigned recommends Lewis be denied a Certificate of Appealability and the Court certify any appeal of the present denial of his § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **August, 2024**.

                                        s/ P. BRADLEY MURRAY
                                      **UNITED STATES MAGISTRATE JUDGE**